UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

HUA XI and ZHONGMIN REN, *on their own
behalf and on behalf of others similarly
situated*,

        Plaintiffs,

      -v-                                No.  19-CV-7710-LTS-SN

MIRA SUSHI INC., et al.,

        Defendants.

--------------------------------------------------------x

<u>ORDER</u>

On August 21, 2019, plaintiffs brought this action alleging violations of the Fair Labor Standards Act and New York Labor Law minimum wage and overtime provisions.  On November 13, 2019, the Court so-ordered a stipulation staying this action pending an arbitration of plaintiffs' claims.  (Docket Entry No. 17.)

Now before the Court is plaintiffs' letter-motion dated July 14, 2020 (Docket Entry No. 20), which reports:

> [O]n July 8, 2020, the arbitrations office in the matter of *Ren Zhongmin v. Mira Sushi, Inc. d/b/a Mira Sushi*, - Case 01-20-0000-0621, emailed the parties, informing that the Defendants/Respondents have failed to file the final deposits of about $25,950 to the arbitration office and failure to pay the fees timely would lead to suspension or termination of the case, per the arbitrator's discretion. Due to Defendants/ Respondents failure to abide by the AAA's Protocol and Rules, and pay the arbitration fees in a timely manner, would lead the case to experience further unreasonable delays.

Plaintiffs request that the Court "compel Defendants/ Respondents to pay the arbitrators deposit immediately or alternatively, to resume its jurisdiction over this case and to end the referral to arbitration."  (<u>Id.</u>)

By letter dated July 16, 2020 (Docket Entry No. 22), defendants oppose plaintiffs' requested relief, claiming that "this Court does not have jurisdiction over Plaintiffs' request since the American Arbitration Association ('AAA') is solely responsible for the collection, enforcement, and resolution of any issue regarding outstanding deposits or fees for an arbitrator's services."  In any event, defendants continue, the AAA "resolved all issues regarding the final deposit" when it clarified in an email dated July 14, 2020, that the "final deposit of $25,950 will not be due until 60 days prior to the first day of the hearing," which has been "adjourned by the parties until after October 30, 2020 due to COVID-19 restrictions," making the earliest possible deposit deadline September 1, 2020.  (Id.)  Defendants attach emails evidencing the adjournment and the AAA's clarification of the deposit deadline.  (Docket Entry Nos. 22-1, 22-2.)

Plaintiffs did not file any reply.

In light of defendants' uncontested showing that their payments to the AAA are not yet due, the Court denies plaintiffs' letter-motion.

Docket Entry Nos. 20 and 22 are resolved.

SO ORDERED.

Dated: New York, New York
       July 29, 2020


        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        United States District Judge