UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

HUA XI and ZHONGMIN REN, on behalf of
themselves and all others similarly situated,

                     Plaintiffs,

                                                                   No. 2:19-CV-7710-LTS-SN

        -against-

MIRA SUSHI INC., et al.,

                     Defendants.
-------------------------------------------------------x

## Order

        Plaintiffs Hua Xi and Zhongmin Ren brought this action on August 21, 2019, against Defendants Mira Sushi Inc. doing business as Mira Sushi ("Mira"), Stellar 153 Inc. doing business as Mira Sushi, Andy Lee, Patricia Ng, Xiao Yun Mei, and Jinhee Cho (together, "Defendants"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), and New York State Labor Law ("NYLL"), arising out of Plaintiffs' employment as deliverymen for Mira Sushi between approximately 2015 and 2019. On November 13, 2019, the Court endorsed a stipulation through which the parties agreed to stay this action pending arbitration of Plaintiffs' claims. (Docket entry no. 17.)

        Plaintiff Hua Xi now moves (docket entry no. 28) in his individual capacity pursuant to 9 U.S.C. section 9 to reopen this stayed case for the purpose of confirming a $118,860.26 arbitration award entered in his favor against Defendants Mira and Andy Lee, jointly and severally, on September 20, 2021. (Docket entry no. 30-1 (the "Award").) The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367. The Court has reviewed Plaintiff Xi's unopposed submissions thoroughly and, for the reasons stated below, the Court grants the motion to reopen and confirm.

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant'" confirmation of the award "'unless the award is vacated, modified, or corrected.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984) and 9 U.S.C. § 9). "The FAA creates a 'strong presumption in favor of enforcing arbitration awards' and courts have an 'extremely limited' role in reviewing such awards." Landau v. Eisenberg, 922 F.3d 495, 498 (2d Cir. 2019) (quoting Wall Street Assocs., L.P. v. Becker Paribas Inc., 27 F.3d 845, 849 (2d Cir. 1994)). "The arbitrator's rationale for an award need not be explained," and even "'a barely colorable justification for the outcome reached' by the arbitrator[ ]" may be a sufficient basis for the Court to confirm an award. Gottdiener, 462 F.3d at 110 (quoting Landy Michaels Realty Corp. v. Local 32B–32J, Service Employees Int'l Union, 954 F.2d 794, 797 (2d Cir. 1992)).

In this case, the Award reflects that the arbitrator received written submissions, conducted two days of evidentiary hearings (at which both sides were afforded an opportunity to submit evidence and to examine and cross-examine witnesses), and issued a thorough and well-reasoned award in the total amount of $118,860.26 (consisting of $45,379.05 in statutory damages, $36,464.05 in liquidated damages, $31,739.75 in attorneys' fees, and $5,277.51 in costs), jointly and severally as against Defendants Mira and Andy Lee.[1]  There is no evidence

---

[1]  The arbitrator found no evidence that any of the other Defendants in this case was Plaintiff Xi's "employer" for purposes of the FLSA and NYLL.  The Court will therefore dismiss Plaintiff Xi's claims against all of the other Defendants.

By the Court's math, the sum total of the Award's constituent parts is $118,860.**3**6, rather than $118,860.**2**6.  In light of the de minimis and immaterial nature of this apparent miscalculation (which Plaintiff Xi does not raise in his submissions), the Court will confirm the Award in the lower, total amount calculated by the arbitrator.

that the Award was procured by corruption, fraud, or undue means, that it was the result of partiality, corruption, misconduct, or misbehavior of the arbitrator, or that the arbitrator exceeded his power or otherwise so imperfectly executed his responsibilities that a final and definite award was not made, so as to warrant vacatur of the Award.  9 U.S.C. § 10(a).  Nor is there evidence of a material miscalculation or mistake, of the arbitrator acting upon a matter not submitted to him, or of any imperfection in a matter of form not affecting the merits of the arbitration, so as to warrant modification of the Award.  9 U.S.C. § 11.  Moreover, Defendants Mira and Andy Lee have neither opposed Plaintiff Xi's motion to reopen and confirm nor otherwise sought vacatur or modification of the Award.  Under these circumstances, the Award must be confirmed.  See, e.g., Johnson v. Parts Auth., LLC, No. 16-CV-6852-DLI-RML, 2020 WL 8414990, at *4 (E.D.N.Y. Sept. 30, 2020) (granting motion to reopen and to confirm an arbitration award in case involving FLSA and NYLL claims).

## CONCLUSION

For the reasons discussed above, Plaintiff Xi's motion to reopen and confirm the Award (docket entry no. 28) is granted.

The Clerk of Court is respectfully directed to lift the stay imposed by docket entry no. 17 and to terminate the motion at docket entry no. 28.

The Court finds that in light of the arbitration's resolution of all of Plaintiff Xi's claims, there exist no just reasons for delay of entry of judgment as to Plaintiff Xi pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is therefore further directed to enter judgment in favor of Plaintiff Hua Xi and against Defendants Mira Sushi Inc. and Andy Lee, jointly and severally, in the total amount of $118,860.26, and to terminate Hua Xi as a Plaintiff on the docket sheet.

Plaintiff Xi's claims against Defendants Stellar 153 Inc. doing business as Mira Sushi, Patricia Ng, Xiao Yun Mei, and Jinhee Cho are dismissed with prejudice to the extent brought in Plaintiff Xi's individual capacity and without prejudice to the extent they are asserted on behalf of any other plaintiffs.

No later than **November 12, 2021**, the remaining parties shall file a joint letter regarding the status of Plaintiff Ren's claims, which the parties reportedly resolved in May 2021 (see docket entry no. 26), but as to which no settlement agreement or evidence of fairness of the alleged settlement has been filed.

SO ORDERED.

Dated: New York, New York
October 28, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge