# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

February 18, 2022

*Via ECF*
Honorable Laura T. Swain, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*Xi et al v. Mira Sushi Inc et al*, No. 19-cv-07710 (LTS) (SN), (S.D.N.Y.)

Your Honor,

Counsel for Plaintiff ZHONGMIN REN and counsel for Defendants write, jointly and respectfully, to report that Plaintiff ZHONGMIN REN, and Defendants, have come to an agreement to settle this matter. *See* Dkt. Nos. 41-1, 41-2.

## I. Background

Plaintiff ZHONGMIN REN alleges he was employed by Defendants MIRA SUSHI INC d/b/a Mira Sushi; STELLAR 153 INC. d/b/a Mira Sushi; ANDY LEE; PATRICIA NG; XIAO YUN MEI; and JINHEE CHO, (collectively, "Defendants").

This lawsuit was originally filed on August 21, 2019, alleging violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) unpaid spread-of-hours premium, (4) Out of pocket expenses, (5) additional sums for wage notice violation, (6) inaccurate paystubs, (7) liquidated damages, (8) prejudgment and post-judgment interest; and/or (9) attorneys' fees and costs. Defendants deny all of Plaintiff's claims in their entirety.

## II. The FLSA Settlement is Fair and Reasonable

Plaintiff ZHONGMIN REN, and Defendants, have agreed to settle this matter for thirty thousand dollars ($30,000.00) (the "Total Settlement Amount"), inclusive of Plaintiff's attorney fees and costs. Based on the estimated total damages (set forth below) and the fee lodestar (set forth below), the Total Settlement Amount is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length negotiation between experienced counsels.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one-and one-half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full arbitration on the merits. Afterward, the determination of the case could be the subject of a

Hon. Laura T. Swain, U.S.D.J.
February 18, 2022
*Xi et al v. Mira Sushi Inc et al*, No. 19-cv-07710 (LTS) (SN), (S.D.N.Y.)
Page 2 of 4

further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the factors under *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199, 206 (2d Cir. 2015) have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation, and by reviewing time and pay records produced in discovery.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff ZHONGMIN REN claimed that he worked approximately forty-seven (47) hours on average each week from August 01, 2015 through June 05, 2016 and worked an approximately thirty-three (33) hours on average each week from June 06, 2016 to July 24, 2019; and he was paid subminimum wages of five dollars and fifty cents ($5.50), then six dollars ($6.00), and finally seven dollars ($7.00) per hour from August 01, 2015 though October 31, 2018 and ten dollars ($10.00) per hours from November 01, 2018 to July 24, 2019, without receiving adequate notice of tip credit.

Defendants' time and pay records, which begin on April 17, 2017, broadly but imperfectly corroborate Plaintiff ZHONGMIN REN's recollection for the period between April 17, 2017 and the end of his employment. The incomplete time coverage and broad but imperfect corroboration poses a risk to both sides: a credibility risk to Plaintiff, and a risk of a finding of wrongdoing to Defendants.

Based on Plaintiff ZHONGMIN REN's recollection, and the time and pay records, Plaintiff's counsel estimates that Plaintiff ZHONGMIN REN's unpaid minimum, overtime, and spread of time wages amount to about thirty-six thousand dollars ($36,000.00), that his available liquidated damages amount to about thirty-six thousand dollars ($36,000.00), and that his Wage Theft Prevention Act damages amount to ten thousand dollars ($10,000.00), for a total of about eighty-two thousand dollars ($82,000.00) before prejudgment interest.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of thirty thousand dollars ($30,000.00), inclusive of attorney fees of the Plaintiff's counsel.

Plaintiff and Plaintiff's counsel will split the Total Settlement Amount according to their retainer agreement, whereby Plaintiff's counsel will receive their Out-of-Pocket Expenses and one

Hon. Laura T. Swain, U.S.D.J.
February 18, 2022
*Xi et al v. Mira Sushi Inc et al*, No. 19-cv-07710 (LTS) (SN), (S.D.N.Y.)
Page 3 of 4

third (1/3) of the Net Settlement Amount, and Plaintiff will receive two thirds (2/3) of the Net Settlement Amount (the Net Settlement Amount being the Total Settlement Amount minus the Out-of-Pocket Expenses).

The Out-of-Pocket Expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of one thousand five hundred and ninety-five dollars and fifty-one cents ($1,595.51). *See* Dkt. No. 41-3. The Net Settlement Amount after the Total Settlement Amount has been reduced by Out-of-Pocket Expenses is twenty-eight thousand four hundred and four dollars and forty-nine cents ($28,404.49).

Of the Net Settlement Amount of twenty-eight thousand four hundred and four dollars and forty-nine cents ($28,404.49), two thirds (2/3) or eighteen thousand nine hundred and thirty-six dollars and thirty-three cents ($18,936.33) will be apportioned to the Plaintiff.

Plaintiff's recovery of eighteen thousand nine hundred and thirty-six dollars and thirty-three cents ($18,936.33) amounts to approximately fifty-three percent (53%) of his unpaid wages of about thirty-six thousand dollars ($36,000.00). The amount of Plaintiff's recovery is reasonable considering the risks of litigation and Defendants' ability to pay.

### B. Defendants' Assessment

Defendants contend that Mira Sushi was Plaintiff's sole employer, and deny that Plaintiff is entitled to additional pay. Defendants provided testimony and documentary evidence supporting the position that Plaintiff received proper notice of his wages and was paid for all hours worked. Among other things, the evidence shows that Defendant explained to Plaintiff that he would be paid the minimum wage minus the applicable tip credit and that his tips would make up the remainder of his hourly wage. Accordingly, Defendant was entitled to apply a tip credit. The tips Plaintiff received were recorded daily by Plaintiff, and Defendant instructed Plaintiff to report any discrepancies in the amount of tips received during each pay period. At no time did Plaintiff raise with management any discrepancies between the tips reported and the tips he received, including any alleged underpayment of tips. Plaintiff was also provided a wage notice containing his pay rate in Chinese at the time of hire. In addition, Plaintiff's work schedule varied at times, but at no time did he work over 40 hours per week as evidenced by his time records. Moreover, Plaintiff acknowledges that he did not work any overtime hours. Additionally, Plaintiff does not allege that he worked any off-the-clock work that would result in additional hours worked per week. Nor is Plaintiff entitled to spread-of-hours pay. Defendants therefore contend that Plaintiff's damages calculation is inflated, and that the damages, if any, are small.

Nevertheless, in order to resolve the claims in this matter without incurring the additional expense and risks associated with further litigation, Defendants believe that the settlement reached by the parties is a fair and equitable resolution of this matter.

### III. The Attorneys' Fees Are Fair and Reasonable

Hon. Laura T. Swain, U.S.D.J.
February 18, 2022
*Xi et al v. Mira Sushi Inc et al*, No. 19-cv-07710 (LTS) (SN), (S.D.N.Y.)
Page 4 of 4

Defendants will provide Plaintiff with a Total Settlement Amount in the amount of Thirty Thousand Dollars ($30,000.00).

Plaintiff and Plaintiff's counsel will split the Total Settlement Amount according to their retainer agreement, whereby Plaintiff's counsel will receive their Out-of-Pocket Expenses and one third (1/3) of the Net Settlement Amount, and Plaintiff will receive two thirds (2/3) of the Net Settlement Amount (the Net Settlement Amount being the Total Settlement Amount minus the Out-of-Pocket Expenses).

The Out-of-Pocket Expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of one thousand five hundred and ninety-five dollars and fifty-one cents ($1,595.51). *See* Dkt. No. 41-3. The Net Settlement Amount after the Total Settlement Amount has been reduced by Out-of-Pocket Expenses is twenty-eight thousand four hundred and four dollars and forty-nine cents ($28,404.49).

Of the Net Settlement Amount of twenty-eight thousand four hundred and four dollars and forty-nine cents ($28,404.49), one third (1/3) or eleven thousand sixty-three dollars and sixty-seven cents ($11,063.67) will be apportioned to Plaintiff's counsel. Plaintiffs' counsel billed fifty thousand two hundred forty-one dollars and fifty cents ($50,241.50), for this matter. *See* Dkt. No. 41-3.

The amount of Plaintiff's counsel's recovery of fees is reasonable since it represents twenty-two percent (22%) of the lodestar. *See*, *e.g.*, *Plizga v. Little Pol. Rest., Inc.*, No. 15-cv-08820 (LAK) (BCM), 2016 U.S. Dist. LEXIS 94859, at *12 (S.D.N.Y. July 18, 2016) (concluding that "the fee award agreed to by the parties in this action is reasonable" in large part because the "plaintiff's attorney has agreed to take a fee substantially lower than his lodestar.").

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **BOND SCHOENECK & KING, PLLC** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| | |
| /s/ John Troy | _____ |
| John Troy, Esq. | Sarah Zucco, Esq. |
| 41-25 Kissena Blvd., Suite 103 | 600 Third Avenue, 22nd Floor |
| Flushing, NY 11355 | New York, NY 10016 |
| Tel.: 718 762 1324 | Tel: (646) 253-2344 |