UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ZHONGMIN REN, on his own behalf and on
behalf of others similarly situated,

                          Plaintiff,[1]

   -v-                                                             No. 19-CV-7710-LTS-SN

MIRA SUSHI INC. doing business as Mira Sushi,
et al.,

                          Defendants.

-------------------------------------------------------------X

## MEMORANDUM ORDER

        The Court has received and reviewed the parties' joint request for approval of the proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case. (See docket entry nos. 39, 41, 44.) "[B]efore a district court enters judgment [on an FLSA settlement agreement], it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id. (internal quotation marks and citation omitted). In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties;

---

[1]     The Court previously entered judgment as to Plaintiff Hua Xi. (See docket entry nos. 31 & 32.) Plaintiff Zhongmin Ren is therefore the only remaining Plaintiff in this action.

(4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted).  "[F]actors that weigh against approving a settlement also include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstances will recur'; (3) 'a history of FLSA non-compliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" Id. at 336 (citation omitted).  "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).  Moreover, following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties may not privately settle FLSA claims without approval of either the district court or the Department of Labor.  In dicta in Cheeks, the Second Circuit expressed hesitation with respect to the validity of settlement agreements containing confidentiality provisions, general releases, or excessive attorneys' fees.  See generally id.

        The Court has carefully considered the parties' joint submission, which includes the proposed settlement agreement (docket entry no. 41-1), a stipulation modifying that proposed settlement agreement (docket entry no. 41-2), a declaration from Plaintiff's counsel (docket entry no. 42), records of Plaintiff's counsel's billing in connection with this case (docket entry no. 41-3), and a supplemental letter dated February 18, 2022, clarifying the allocation of the total settlement payment between Plaintiff and his counsel (docket entry no. 44).  In light of the factors articulated above, as well as the Court's review of the agreement (as modified and supplemented)

and the parties' representations as set forth in their letters dated January 10, 2022 (docket entry no. 41), and February 18, 2022 (docket entry no. 44), the Court finds that the proposed settlement agreement, including the attorneys' fees and expense award component, is fair and reasonable and that it satisfies the requirements of Cheeks.

This action is dismissed with prejudice as to Plaintiff Zhongmin Ren and without prejudice as to all unnamed plaintiffs and without costs to either party.

The Clerk of Court is respectfully directed to terminate the motion at docket entry no. 44, and to close the case.

SO ORDERED.

Dated: New York, New York
February 22, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge